**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| ASCENA RETAIL GROUP, INC., et al.,[1] | ) | Case No. 20-33113 (KRH) |
| Debtors. | ) | (Jointly Administered) |

# GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

## General

Ascena Retail Group, Inc. and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors," and, together with their non-debtor affiliates, the "Company"), have filed their respective Schedules of Assets and Liabilities (collectively, the "Schedules") and the Statements of Financial Affairs (collectively, the "Statements" and, together with the Schedules, the "Schedules and Statements") in the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court"). The Debtors, with the assistance of their legal and financial advisors, prepared the unaudited Schedules and Statements in accordance with section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1007-1 of the Local Rules of the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Bankruptcy Rules").

These Global Notes and Statement of Limitations, Methodology, and Disclaimers Regarding the Debtors' Schedules and Statements (the "Global Notes") are incorporated by reference in, and comprise an integral part of, all of the Schedules and Statements, and should be referred to and considered in connection with any review of the Schedules and Statements.[2]

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at http://cases.primeclerk.com/ascena. The location of Debtor Ascena Retail Group, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 933 MacArthur Boulevard, Mahwah, New Jersey 07430.

[2] These Global Notes supplement, and are in addition to, any specific notes contained in each Debtor's Schedules or Statements. The fact that the Debtors have prepared a Global Note with respect to any of the individual Debtor's Schedules and Statements and not to those of another should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Note to any of the Debtors' other Schedules and Statements, as appropriate.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP") or any other foreign jurisdiction, as applicable, nor are they intended to be fully reconciled with the financial statements of each Debtor. Additionally, the Schedules and Statements contain unaudited information that is subject to further review, potential adjustment, and reflect the Debtors' commercially reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation. Although the Debtors have made commercially reasonable efforts to ensure the accuracy and completeness of the Schedules and Statements, subsequent information or discovery may result in material changes to the Schedules and Statements. As a result, inadvertent errors or omissions may exist. Accordingly, the Debtors and their directors, managers, officers, agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein or the Schedules and Statements. In no event shall the Debtors or their directors, managers, officers, agents, attorneys, and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their directors, managers, officers, agents, attorneys, and financial advisors are advised of the possibility of such damages.

The Schedules and Statements have been signed by Dan Lamadrid, Executive Vice President, Chief Financial Officer, and Assistant Treasurer of Ascena Retail Group, Inc., and an authorized signatory at each of the Debtors. In reviewing and signing the Schedules and Statements, Mr. Lamadrid necessarily relied upon the efforts, statements, and representations of the Debtors' other personnel and professionals. Mr. Lamadrid has not (and could not have) personally verified the accuracy of each such statement and representation, including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and their addresses.

For the avoidance of doubt, the Debtors reserve all of their rights to amend and supplement the Schedules and Statements as may be necessary or appropriate, but the Debtors and their agents, attorneys, and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or re-categorized, except as required by applicable law or order of the Bankruptcy Court.

## Global Notes and Overview of Methodology

1. **Description of the Cases**. On July 23, 2020 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court. The chapter 11 cases are being jointly administered under Case No. 20-33113 (KRH). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On July 23, 2020, an order

was entered directing joint administration of these chapter 11 cases [Docket No. 50]. The Debtors have not been substantively consolidated and accordingly, each Debtor has filed its own Schedules and Statements. The asset information provided herein, except as otherwise noted, represents the asset data of each Debtor as of July 4, 2020, the date of the Debtors' month end closure to their balance sheet, and the liability data of each Debtor as of the close of business on the Petition Date.

2. **Global Notes Control**. Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments. In the event that the Schedules and Statements differ from the Global Notes, the Global Notes shall control.

3. **Reservations and Limitations**. Commercially reasonable efforts were made to prepare and file complete and accurate Schedules and Statements. However, as noted above, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend and supplement the Schedules and Statements as may be necessary or appropriate but do not undertake any obligation to do so, except as required by applicable law. Nothing contained in the Schedules and Statements constitutes a waiver of any of the Debtors' rights or an admission of any kind with respect to these chapter 11 cases, including, but not limited to, any claims against the Debtors, any rights or claims of the Debtors against any third party, or any issues involving substantive consolidation, equitable subordination, or defenses or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable bankruptcy or non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph. Nothing contained in the Schedules and Statements or the Global Notes is intended as, or should be construed as, an admission or stipulation of the validity of any claim against the Debtors, any assertion made therein or herein, or a waiver of the Debtors' rights to dispute any claim or assert any cause of action or defense against any party.

(a) **Net Book Value of Assets.** Unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values as of July 4, 2020. For the avoidance of doubt, nothing contained in the Schedules and Statements is indicative of the Debtors' enterprise value. Book values of assets prepared in accordance with GAAP generally do not reflect the current performance of the assets and may differ materially from the actual value and/or performance of the underlying assets. As such, the value listed in these Schedules and Statements cannot be, and was not, used to determine the Debtors' enterprise valuation. The July 4, 2020 financials, as reported in Schedule AB (Assets), include certain topside impairments due to the Covid-19 epidemic. In some instances, the Debtors recorded those topside impairments at the brand level but not at the legal entity level.

(b) **Recharacterization and Classifications**. The Debtors have made commercially reasonable efforts to correctly characterize, classify, categorize, and designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements. However, the Debtors may have improperly characterized,

classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtors' business. Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, redesignate, add, or delete items reported in the Schedules and Statements at a later time as necessary or appropriate, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

(c) **Classifications**. Listing (i) a claim on Schedule D as "secured," (ii) a claim on Schedule E/F as "priority" or "unsecured," or (iii) a contract on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the claimant or contract counterparty or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract.

(d) **Claims Description**. Any failure to designate a claim in the Schedules and Statements as "contingent," "unliquidated," or "disputed" does not constitute an admission by the Debtors that such claim or amount is not "contingent," "unliquidated," or "disputed." The Debtors reserve all of their rights to dispute, or to assert offsets or defenses to, any claim reflected on their Schedules or Statements on any grounds, including, but not limited to, amount, liability, priority, status, or classification, or to otherwise subsequently designate any claim as "contingent," "unliquidated," or "disputed." Moreover, the Debtors reserve all of their rights to amend their Schedules and Statements as necessary and appropriate. Listing a claim does not constitute an admission of liability by the Debtors.

(e) **Estimates and Assumptions**. The preparation of the Schedules and Statements required the Debtors to make reasonable estimates and assumptions with respect to the reported amounts, including, but not limited to, amounts of assets and liabilities, the amount of contingent assets and contingent liabilities on the date of filing the Schedules and Statements, and the reported amounts of revenues and expenses during the applicable reporting periods. Actual results could differ materially from such estimates. The Debtors reserve all rights to amend the reported amounts of assets and liabilities, contingent assets and contingent liabilities, and revenues and expenses to reflect changes in those estimates or assumptions.

(f) **Causes of Action**. Despite their commercially reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action (filed or potential) against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets. The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising

before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action.

(g) **Intellectual Property Rights**. Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated, or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated, or otherwise have not expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. The Debtors have made every effort to attribute intellectual property to the rightful Debtor owner; however, in some instances, intellectual property owned by one Debtor may, in fact, be owned by another. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all intellectual property rights.

(h) **Insiders**. For purposes of the Schedules and Statements, the Debtors defined "insiders" pursuant to section 101(31) of the Bankruptcy Code. The Debtors have limited the listing of insider officers to "executive officers" consistent with Securities and Exchange Commission (the "SEC") filings, in control of the Debtors.

The listing of a party as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed as an admission of any fact, right, claim, or defense, and all such rights, claims, and defenses are hereby expressly reserved. Persons listed as "insiders" have been included for informational purposes only. The Debtors do not take any position with respect to: (i) such person's influence over the control of the Debtors; (ii) the management responsibilities or functions of such individual; (iii) the decision-making or corporate authority of such individual; or (iv) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities laws, or with respect to any theories of liability or for any other purpose.

**4. Methodology.**

(a) **Basis of Presentation**. For financial reporting purposes, the Debtors and certain of their non-Debtor affiliates ordinarily prepare consolidated financial statements. Combining the assets and liabilities set forth in the Debtors' Schedules and Statements would result in amounts that would be substantially different from financial information that would be prepared on a consolidated basis under GAAP. Therefore, these Schedules and Statements do not purport to represent financial statements prepared in accordance with GAAP or any other generally accepted accounting principles of foreign jurisdictions, as applicable, nor are they intended to fully reconcile to the financial statements prepared by the Debtors. Unlike the consolidated financial statements, the Schedules and Statements reflect the assets and liabilities of

each separate Debtor, except where otherwise indicated. Accordingly, the totals listed in the Schedules will likely differ, at times materially, from the consolidated financial reports prepared by the Debtors for financial reporting purposes or otherwise.

The Schedules and Statements are not intended to be fully reconciled with the financial statements of each Debtor. Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment and reflect the Debtors' commercially reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis. Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent as of the Petition Date or at any time prior to the Petition Date. Likewise, to the extent a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent at the Petition Date or any time prior to the Petition Date.

(b) **Confidential or Sensitive Information**. There may be instances in the Schedules and Statements where the Debtors deemed it necessary and appropriate to redact from the public record information such as names, addresses, or amounts. Typically, the Debtors have used this approach because of an agreement between the Debtors and a third party, local restrictions on disclosure, concerns about the confidential or commercially sensitive nature of certain information, or concerns for the privacy of a current or former employee (including as authorized by the *Order (I) Extending Time To File Schedules And Statements Of Financial Affairs, (II) Authorizing The Debtors To File A Consolidated List Of Creditors In Lieu Of Submitting A Separate Mailing Matrix For Each Debtor, (III) Authorizing The Debtors To File A Consolidated List Of The Debtors' 50 Largest Unsecured Creditors, (IV) Authorizing The Debtors To Redact Certain Personal Identification Information, (V) Waiving The Requirement To File A List Of Equity Security Holders, And (VI) Granting Related Relief* [Docket No. 77] (the "Creditor Matrix Order"). The alterations were limited to only what is necessary to protect the Debtors or a third party.

(c) **Duplication**. Certain of the Debtors' assets, liabilities, and prepetition payments may properly be disclosed in multiple parts of the Statements and Schedules. To the extent these disclosures would be duplicative, the Debtors have determined to only list such assets, liabilities, and prepetition payments once.

(d) **Executory Contracts**. Although the Debtors made diligent efforts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so. Accordingly, the Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.

(e) **Umbrella or Master Agreements**. Contracts listed in the Schedules and Statements may be umbrella or master agreements that cover relationships with some or all of the Debtors. Where relevant, such agreements have been listed in the Schedules and Statements only of the Debtor that signed the original umbrella or master agreement.

(f) **Leases**. The Debtors have not included in the Schedules and Statements the future obligations of any capital or operating leases. To the extent that there was an amount outstanding as of the Petition Date, the creditor has been included on Schedule F of the Schedules.

(g) **Valuation**. It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations of all of their assets. Accordingly, unless otherwise indicated, net book values as of July 4, 2020 are reflected on the Schedules and Statements. Exceptions to this include operating cash and certain other assets. Operating cash is presented at bank balance as of the Petition Date. Certain other assets, such as investments in subsidiaries and Goodwill, are listed at undetermined amounts, as the net book values may differ materially from fair market values. Amounts ultimately realized may vary from net book value (or whatever value was ascribed) and such variance may be material. Accordingly, the Debtors reserve all of their rights to amend or adjust the value of each asset set forth herein. In addition, the amounts shown for total liabilities exclude items identified as “unknown” or “undetermined,” and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements. Also, assets that have been fully depreciated or that were expensed for accounting purposes either do not appear in these Schedules and Statements or are listed with a zero-dollar value, as such assets have no net book value. The omission of an asset from the Schedules and Statements does not constitute a representation regarding the ownership of such asset, and any such omission does not constitute a waiver of any rights of the Debtors with respect to such asset. Nothing in the Debtors’ Schedules and Statements shall be, or shall be deemed to be, an admission that any Debtor was solvent or insolvent as of the Petition Date or any time prior to the Petition Date.

(h) **Property and Equipment**. Unless otherwise indicated, owned property and equipment are stated at net book value. The Debtors may lease furniture, fixtures, and equipment from certain third-party lessors. To the extent possible, any such leases are set forth in the Schedules and Statements. Nothing in the Schedules and Statements is or shall be construed as an admission as to the determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all of their rights with respect to same.

(i) **Undetermined Amounts**. The description of an amount as “undetermined” is not intended to reflect upon the materiality of such amount.

(j) **Unliquidated Amounts**. Amounts that could not be fairly or readily quantified by the Debtors are scheduled as “unliquidated.”

(k) **Totals**. All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total. The description of an amount as “unknown” or “undetermined” is not intended to reflect upon the materiality of such amount. To the extent a Debtor is a guarantor

of debt held by another Debtor, the amounts reflected in these Schedules are inclusive of each Debtor's guarantor obligations.

(l) **Allocation of Liabilities**. The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change. The Debtors reserve the right to amend the Schedules and Statements as they deem appropriate in this regard.

The liabilities listed on the Schedules do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's claim.

(m) **Paid Claims**. Pursuant to certain final orders of the Bankruptcy Court entered in the Debtors' chapter 11 cases entered on or about August 27, 2020 (collectively, the "First Day Orders"), the Debtors were authorized (but not directed) to pay, among other things, certain prepetition claims of employees, lienholders, critical vendors, customer obligations, foreign vendors, claimants under section 503(b)(9) of the Bankruptcy Code, and certain taxing authorities. Accordingly, certain prepetition liabilities that have been reduced by postpetition payments made on account of prepetition liabilities have been omitted from the Schedules and Statements. To the extent the Debtors pay any of the claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all of their rights to amend or supplement the Schedules and Statements or take other action as is necessary or appropriate to avoid overpayment of or duplicate payments for any such liabilities. In addition and regardless of whether such claims are listed in the Schedules and Statements, to the extent claims are paid pursuant to an order of the Bankruptcy Court (including the First Day Orders), the Debtors reserve all rights to amend or supplement their Schedules and Statements.

(n) **Other Paid Claims**. To the extent the Debtors have reached any postpetition settlement with a vendor or other creditor, the terms of such settlement will prevail, supersede amounts listed in the Debtors' Schedules and Statements, and shall be enforceable by all parties, subject to any necessary Bankruptcy Court approval. To the extent the Debtors pay any of the claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all rights to amend and supplement the Schedules and Statements and take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment of or duplicate payments for such liabilities. Nothing contained herein should be deemed to alter the rights of any party in interest to contest a payment made pursuant to an order of the Bankruptcy Court where such order preserves the right to contest.

(o) **Credits and Adjustments**. The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may either (a) not reflect credits, allowances, or other adjustments due from such creditors to the Debtors or (b) be net of accrued credits, allowances, or other adjustments that are actually owed by a creditor to the Debtors on a postpetition basis on account of such credits, allowances, or other adjustments earned from prepetition payments and postpetition payments, if applicable. The Debtors reserve all of their rights with regard to such credits, allowances, and other adjustments, including the right to assert claim objections and/or setoffs with respect to the same.

(p) **Intercompany Claims**. Receivables and payables among and between the Debtors and (i) other Debtors or (ii) their non-Debtor affiliates, are reported on Statement 4, Schedule A/B, and Schedule E/F, respectively, per the Debtors' unaudited books and records as of July 4, 2020. As described more fully in the *Debtors' Motion For Entry Of Interim And Final Orders (I) Authorizing The Debtors To (A) Continue To Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, And (D) Perform Intercompany Transactions, And (II) Granting Related Relief* [Docket No. 11] (the "Cash Management Motion"), the Debtors engage in a range of intercompany transactions in the ordinary course of business. Pursuant to the *Final Order (I) Authorizing The Debtors To (A) Continue To Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, And (D) Perform Intercompany Transactions, And (II) Granting Related Relief* (the "Cash Management Order"), the Bankruptcy Court has granted the Debtors authority to continue to engage in intercompany transactions in the ordinary course of business subject to certain limitations set forth therein. Thus, intercompany balances as of the Petition Date, as set forth on Statement 4 and in Schedule A/B and Schedule E/F may not accurately reflect current positions.

(q) Certain intercompany balances within the AnnTaylor Debtors include unallocated historical receivables and payables. Those are reflected in Statement Question 4, Schedule A/B and Schedule F as receivables or payables to unallocated intercompany entities.

The listing of any amounts with respect to such receivables and payables is not, and should not be construed as, an admission of the characterization of such balances as debt, equity, or otherwise or an admission as to the validity of such receivables and payables. For the avoidance of doubt, the Debtors reserve all rights, claims, and defenses in connection with any and all intercompany receivables and payables, including, but not limited to, with respect to the characterization of intercompany claims, loans, and notes. Without limiting the generality of the foregoing, certain intercompany receivables and payables among and between the Debtors have been consolidated and netted in the Debtors' books and records. Such treatment is not, and should not be construed as, an admission or conclusion of the Debtors regarding the allowance, classification, characterization of the amount and/or validity or priority of any such intercompany receivables and payables or the validity of any netting or

offsets per the Debtors' books and records. The Debtors take no position in these Schedules and Statements as to whether any such amounts would be allowed as a claim or an interest, or not all allowed at all. The listing of these amounts is not necessarily indicative of the ultimate recovery, if any, on any intercompany asset account or the impairment or claim status of any intercompany liability account. The Debtors reserve all rights to later change the amounts, characterization, classification, categorization, or designation of intercompany accounts reported in the Schedules and Statements.

In addition, certain of the Debtors act on behalf of other Debtors. Commercially reasonable efforts have been made to indicate the ultimate beneficiary of a payment or obligation. Whether a particular payment or obligation was incurred by the entity actually making the payment or incurring the obligation is a complex question of applicable non-bankruptcy law, and nothing herein constitutes an admission that any Debtor entity is an obligor with respect to any such payment. The Debtors reserve all rights to reclassify any payment or obligation as attributable to another entity and all rights with respect to the proper accounting and treatment of such payments and liabilities.

As more fully described in the Cash Management Motion, the Debtors recorded numerous intercompany transactions and loans in their books and records each month, including cash transfers and journal entries. Instead of listing each of these numerous transactions and entries in their Statements and Schedules for each month, the Debtors have included monthly balances and net activity for the one year prior to the Petition Date.

(r) **Guarantees and Other Secondary Liability Claims**. The Debtors have used commercially reasonable efforts to locate and identify guarantees and other secondary liability claims (collectively, "Guarantees") in each of their executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements. Where such Guarantees have been identified, they have been included in the relevant Schedule G and Schedule H for the Debtor or Debtors affected by such Guarantees. However, certain Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements may have been inadvertently omitted. Thus, the Debtors reserve all of their rights to amend the Schedules to the extent that additional Guarantees are identified.

(s) **Claims of Third-Party Related Entities**. While the Debtors have made every effort to properly classify each claim listed in the Schedules as being either disputed or undisputed, liquidated or unliquidated, and contingent or noncontingent, the Debtors have not been able to fully reconcile all payments made to certain third parties and their related entities on account of the Debtors' obligations to the same. Thus, the Debtors reserve all of their rights with respect to disputed claims.

(t) **Excluded Assets and Liabilities**. The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including, but not limited to: certain deferred charges, accounts, or reserves recorded only for purposes of complying with the requirements of GAAP; deferred tax assets and

liabilities; goodwill and other intangibles; deferred revenue accounts; and certain accrued liabilities including, but not limited to, accrued salaries and employee benefits. The Debtors also have excluded rejection damage claims of counterparties to executory contracts and unexpired leases that may or may not be rejected, to the extent such damage claims exist. In addition, and as set forth above, the Debtors may have excluded amounts for which the Debtors have been granted authority to pay pursuant to a First Day Order or other order that may be entered by the Bankruptcy Court. Also, certain immaterial assets and liabilities may have been excluded.

(u) **Liens**. The inventories, property, and equipment listed in the Schedules and Statements are presented without consideration of any mechanic's, materialmen, or similar liens that may attach (or have attached) to such inventories, property, and equipment, and the Debtors reserve all of their rights with respect to such liens.

(v) **Currency**. Unless otherwise indicated, all amounts are reflected in U.S. dollars.

(w) **Setoffs**. The Debtors incur certain setoffs and other similar rights during the ordinary course of business. Offsets in the ordinary course can result from various items, including, without limitation, intercompany transactions, pricing discrepancies, refunds, and other disputes between the Debtors and their suppliers. These offsets and other similar rights are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately. Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules, offsets are not independently accounted for, and, as such, are excluded from the Schedules. In addition, some amounts listed in the Schedules and Statements may have been affected by setoffs or nettings by third parties of which the Debtors are not yet aware. The Debtors reserve all rights to challenge any setoff and/or recoupment rights that may be asserted.

(x) **Employee Addresses**. Employee addresses have been removed from entries listed throughout the Schedules and Statements pursuant to the Creditor Matrix Order.

**5.** **Specific Schedules Disclosures**.

(a) **Schedule A/B, Part 1 – Cash and Cash Equivalents**. Details with respect to the Debtors' cash management system and bank accounts are provided in the Cash Management Motion and Cash Management Order.

The Debtors' cash balances are listed as of the Petition Date, July 23, 2020, at bank balances.

(b) **Schedule A/B, Part 2 – Deposits and Prepayments**. The Bankruptcy Court, pursuant to the *Final Order (I) Approving The Debtors' Proposed Adequate Assurance Of Payment For Future Utility Services, (II) Prohibiting Utility Companies From Altering, Refusing, Or Discontinuing Services, (III) Approving The Debtors' Proposed Procedures for Resolving Additional Assurance Requests, And (IV) Granting Related Relief* , authorized the Debtors to provide adequate assurance of payment for future utility services. In addition, certain retainers or deposits reflect payments to

professionals made by a certain Debtor entity, but may be subject to applicable allocation amongst the Debtors. The retainers and deposits are listed as of the Petition Date, July 23, 2020.

(c) **Schedule A/B, Part 3 – Accounts Receivable, Item 11**. The Debtors' reported accounts receivable include amounts that may be uncollectible. Notwithstanding the foregoing, the Debtors have used reasonable efforts to deduct doubtful or uncollectible accounts. The Debtors are unable to determine with certainty what amounts will actually be collected.

(d) **Schedule A/B, Part 4 – Investments; Non-Publicly Traded Stock and Interests in Incorporated and Unincorporated Businesses, including any Interest in an LLC, Partnership, or Joint Venture**. Ownership interests in subsidiaries, partnerships, joint ventures, and investments in non-publicly traded securities have been listed in Schedule A/B, Part 4, as undetermined amounts on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value.

(e) **Schedule A/B, Part 7 – Office Furniture, Fixtures, and Equipment; and Collectibles**. All office furniture, fixtures and equipment are reported in Schedule A/B Part 8.

(f) **Schedule A/B, Part 8 – Machinery, Equipment, and Vehicles**. For those Debtors that own machinery, equipment, and vehicles, dollar amounts are presented net of accumulated depreciation and other adjustments. Due to the volume, the individual fixed asset schedules have not been included in Schedule A/B, Part 8.

(g) **Schedule A/B, Part 9 – Real Property**. For those Debtors that own real property, such owned real estate is reported at book value, net of accumulated depreciation. Any buildings and land improvements are listed on Schedule A/B, Part 9, independent of whether the real property to which the building or land improvement is connected is Debtor-owned property. The Debtors may have listed certain assets as real property when such assets are in fact personal property, or the Debtors may have listed certain assets as personal property when such assets are in fact real property. The Debtors reserve all rights to recategorize and/or recharacterize such asset holdings to the extent the Debtors determine that such holdings were improperly listed.

(h) **Schedule A/B, Part 10 – Intangibles and Intellectual Property, Items 59-66**. The Debtors review goodwill and other intangible assets having indefinite lives for impairment annually or when events or changes in circumstances indicate the carrying value of these assets might exceed their current fair values. Given the chapter 11 filings result from an impairment test were unavailable at the time that the Schedules and Statements were prepared, several of the Debtors' intangible asset values may be listed as undetermined. The Debtors report intellectual property assets as net book value based on the Debtors' books and records whenever applicable. For purposes of the Schedules, the Debtors have listed goodwill and customer lists only at entities for which these assets are recorded on their books. The exclusion of listing similar assets

at additional Debtors should not be construed as an admission that other Debtors do not possess similar assets.

(i) **Schedule A/B, Part 11 – All Other Assets**. Dollar amounts are presented net of impairments and other adjustments.

(j) ***Item 72 – Tax Refunds and Unused Net Operating Losses (NOLs)***. The Debtors may receive refunds for sales and use tax at various times throughout their fiscal year. As of the Petition Date, however, certain of these amounts are unknown to the Debtors and, accordingly, may not be listed on Schedule A/B. Additionally, the Debtors may be entitled to apply certain net operating losses or other tax attributes. The Debtors have provided a summary of certain of their tax attributes and related considerations in Item 72.

(k) ***Item 73 – Interests in Insurance Policies or Annuities.*** A list of the Debtors' insurance policies and related information is available in the *Debtors' Motion For Entry Of Interim And Final Orders (I) Authorizing The Debtors To (A) Continue And Renew Their Insurance Policies And Honor All Obligations In Respect Thereof, And (B) Continue The Surety Bond Program, And (II) Granting Related Relief* [Docket No. 4]. The Debtors believe that there is little or no cash value to the vast majority of such insurance policies.

(l) ***Items 74 and 75 – Causes of action against third parties (whether or not a lawsuit has been filed) and other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtors and rights to set off claims***. The Debtors attempted to list known causes of action and other claims. Potential preference actions and/or fraudulent transfer actions were not listed because the Debtors have not completed an analysis of such potential claims. The Debtors' failure to list any cause of action, claim, or right of any nature is not an admission that such cause of action, claim, or right does not exist and should not be construed as a waiver of such cause of action, claim, or right.

(m) ***Item 77 – Other property of any kind not already listed***. The Debtors have included intercompany receivables as of July 4, 2020.

(n) ***Executory Contracts and Unexpired Leases.*** The Debtors have listed their executory contracts and unexpired leases on Schedule G. The Debtors reserve all of their rights with respect to any and all executory contracts and unexpired leases, including whether such agreements are or are not executory contracts and the right to amend Schedule G.

(o) **Schedule D – Creditors Who Have Claims Secured by Property**. Except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset for the benefit of a secured creditor listed on a Debtor's Schedule D. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature

of any such creditor's claim or the characterization of the nature or structure of any such transaction or any document or instrument (including without limitation, any intercompany agreement) related to such creditor's claim.

In certain instances, a Debtor may be a co-obligor, co-mortgagor, or guarantor with respect to scheduled claims of other Debtors. No claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are or may be otherwise satisfied or discharged.

Schedule D does not include beneficiaries of letters of credit. Although the claims of these parties may be secured by a letter of credit, the Debtors' obligations under the letters of credit run to the issuers thereof and not to the beneficiaries thereof.

The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in these Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements or documents.

Except as specifically stated herein, real property lessors, utility companies, and other parties which may hold security deposits have not been listed on Schedule D. The Debtors have not included parties that may believe their claims are secured through setoff rights or inchoate statutory lien rights.

Detailed descriptions of the Debtors' prepetition debt structure and descriptions of collateral relating to the debt contained on Schedule D are contained in the *Debtors' Motion For Entry Of Interim And Final Orders (I) Authorizing The Debtors To Obtain Postpetition Financing, (II) Authorizing The Debtors To Use Cash Collateral, (III) Granting Liens And Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection To The Prepetition Lenders, (V) Modifying The Automatic Stay, (VI) Scheduling A Final Hearing, And (VII) Granting Related Relief* [Docket No. 18]. The obligations under the ABL Facility are secured, subject to certain exceptions, by a first priority lien on certain of the Debtors' assets, including, without limitation, accounts receivable, inventory, cash, cash equivalents, and a second priority lien on the Debtors' real property, capital stock, and other personal property, including the Debtors' intellectual property and investment contracts.

(p) **Schedule E/F – Creditors Who Hold Unsecured Claims**. Schedule E/F does not include certain deferred charges, deferred liabilities, accruals, or general reserves. Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date. The Debtors have made every effort to include as contingent, unliquidated, or disputed the claim of any vendor not included on the Debtors' open accounts payable that is associated with an account that has an accrual or receipt not invoiced.

(i) ***Part 1 – Creditors with Priority Unsecured Claims.*** The listing of a claim on Schedule E/F, Part 1, does not constitute an admission by the Debtors that such claim or any portion thereof is entitled to priority treatment under section 507 of the Bankruptcy Code. The Debtors reserve all of their rights to dispute the amount and the priority status of any claim on any basis at any time.

Pursuant to the *Final Order (I) Authorizing The Payment Of Certain Prepetition And Postpetition Taxes and Fees, and (II) Granting Related Relief* (the "Taxes Order"), the Debtors have been granted the authority to pay certain tax liabilities, excluding income tax, that accrued prepetition. Accordingly, any unsecured priority claims based upon prepetition tax accruals that have been paid or may be paid pursuant to the Taxes Order or pursuant to further Bankruptcy Court order are not listed in Schedule E. The Debtors believe that any undisputed tax claims for prepetition amounts, whether allowable as a priority or nonpriority claim have been or will be satisfied.

Moreover, in lieu of listing all of the Debtors' possible taxing authorities for notice purposes in Schedule E/F, the Debtors have only listed those income taxing authorities and those with which the Debtors have pending audits.

The listing of a claim on Schedule E/F, Part 1, does not constitute an admission by the Debtors that such claim or any portion thereof is entitled to priority status.

Pursuant to the *Final Order (I) Authorizing The Debtors To (A) Pay Prepetition Wages, Salaries, Other Compensation, and Reimbursable Expenses and (B) Continue Employee Benefits Programs, And (II) Granting Related Relief* (the "Final Wages Order"), the Debtors received final authority to pay, in their discretion, certain prepetition obligations, including obligations related to employee wages and other employee benefits, in the ordinary course of business. Accordingly, no undisputed, prepetition claims of non-insiders related to employee wages and other employee benefits that have been paid or may be paid pursuant to the Final Wages Order or pursuant to further Bankruptcy Court order is listed in Schedule E/F Part 1.

(ii) ***Part 2 – Creditors with Nonpriority Unsecured Claims***. The liabilities identified in Schedule E/F, Part 2, are derived from the Debtors' books and records. The Debtors made a commercially reasonable effort to set forth their unsecured obligations, although the actual amount of claims against the Debtors may vary from those liabilities represented on Schedule E/F, Part 2. The listed liabilities may not reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims.

The Debtors generally allocate individual liabilities to particular Debtors. However, in certain cases, it would be a time-consuming and inefficient use of estate resources, or impracticable, to assign a given liability to a particular

Debtor based on a contractual obligation. Instead, the Schedules reflect the liability based on the Debtors' books and records.

Schedule E/F, Part 2 (Statements Part 3, Question 7), contains information regarding threatened or pending litigation involving the Debtors. The amounts for these threatened or pending claims are listed as "undetermined" and are marked as contingent, unliquidated, and disputed in the Schedules and Statements.

Schedule E/F, Part 2, reflects certain prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease. In addition, Schedule E/F, Part 2, does not include claims that may arise in connection with the rejection of any executory contracts or unexpired leases, if any, that may or have been rejected in these chapter 11 cases.

In many cases, the claims listed on Schedule E/F, Part 2, arose, accrued, or were incurred on various dates or on a date or dates that are unknown to the Debtors or are subject to dispute. Where the determination of the date on which a claim arose, accrued, or was incurred would be unduly burdensome and costly to the Debtors' estates, the Debtors have not listed a specific date or dates for such claim.

As of the time of filing of the Schedules and Statements, the Debtors may not have received all invoices for payables, expenses, and other liabilities that may have accrued prior to the Petition Date. Accordingly, the information contained in Schedules D and E/F may be incomplete. The Debtors reserve their rights to, but undertake no obligations to, amend Schedules D and E/F if and as they receive such invoices.

Except where otherwise indicated, liabilities listed on Schedule E/F reflect the Debtors' books and records balance as of the Petition Date. These amounts do not include any prepetition amounts paid under various authority granted by the Bankruptcy Court that have been issued postpetition. The Debtors expect that certain suppliers may continue to receive payments on account of prepetition amounts through the pendency of these chapter 11 cases (as approved by the Bankruptcy Court).

(q) **Schedule G – Executory Contracts and Unexpired Leases**. While commercially reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions, and unintended duplication of items may have occurred.

Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable. The Debtors hereby reserve all their rights to dispute the validity, status, or enforceability

of any contracts, agreements, leases or instruments set forth in Schedule G and to amend or supplement Schedule G as necessary. Certain of the leases and contracts listed on Schedule G may contain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G. The Debtors hereby expressly reserve the right to assert that any instrument listed on Schedule G is or is not an executory contract within the meaning of section 365 of the Bankruptcy Code. In addition, the Debtors may have entered into certain confidentiality, non-disclosure and non-compete agreements, or various other types of agreements in the ordinary course of their businesses, such as supplemental agreements and letter agreements, which documents may not be set forth in Schedule G. The Debtors reserve all of their rights with respect to such agreements.

The Debtors reserve all of their rights, claims, and causes of action with respect to claims associated with any contracts and agreements listed on Schedule G, including their right to dispute or challenge the characterization, nature, or structure of any transaction, agreement, contract, document or instrument (including any intercompany agreement) related to a creditor's claim.

The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of commercially reasonable efforts to identify such documents.

Unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon. In some cases, the same supplier or provider may appear multiple times in Schedule G. Multiple listings, if any, reflect distinct agreements between the applicable Debtor and such supplier or provider.

The listing of any contract, agreement or instrument on Schedule G does not constitute an admission by the Debtors as to the validity of any such contract, agreement, or instrument. The Debtors reserve the right to dispute the effectiveness of any such contract, agreement or instrument listed on Schedule G or to amend Schedule G at any time to remove any contract, agreement or instrument.

Omission of a contract, agreement, or instrument from Schedule G does not constitute an admission that such omitted contract, agreement, or instrument is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts, agreements, or instruments are not impaired by the omission.

In some cases, contract counterparties from dormant legacy businesses and historical acquisitions may not have been updated to reflect assignment to active Debtor entities although the Debtors have assumed and continue to perform under the terms and conditions of such agreements, as amended if applicable. In such cases, Debtors have included such items on Schedule G of the Debtor entity that performs the terms and conditions of such agreements as of the Petition Date.

Certain Debtors are guarantors and parties to guaranty agreements regarding the Debtors' prepetition credit facilities. The guaranty obligations arising under these agreements are reflected on Schedules D and F only.

(r) **Schedule H – Co-Debtors**. In the ordinary course of their businesses, certain Debtors pay certain expenses for and on behalf of their subsidiaries. For purposes of Schedule H, the Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other agreements. Further, certain of the guarantees reflected on Schedule H may have expired or may no longer be enforceable. As such, the Debtors reserve their rights to amend Schedule H to the extent that additional guarantees are identified, or such guarantees are discovered to have expired or become unenforceable.

The Debtors have not listed any litigation-related co-Debtors on Schedule H. Instead, all such listings can be found on the Debtors' Schedule E/F.

**6.** **<u>Specific Statements Disclosures</u>**.

(a) **Statements, Part 1, Question 1 – Gross Revenue From Business**. The Debtors have reported net sales which is consistent with SEC reporting. The net sales for the 2020 stub period are as of 7/4/2020.

(b) **Statements, Part 1, Question 2 – Non-Business Revenue**. Non-business revenue includes such items as rental income, interest, and other income as of July 4, 2020.

(c) **Statements, Part 2, Question 3 – Certain payments or transfers to creditors within 90 days before filing this case**. Any payments made to the Debtors' bankruptcy case professionals and/or insiders within the 90 days prior to the Petition Date are disclosed in response to SOFA 11 and SOFA 4, respectively, and therefore are not listed in response to SOFA 3. Payments made to the Debtors' non-insider employees also are not listed herein. Payments made to employees for compensation are not included; *however*, transfers made to third-party administrators used to compensate employees have been included.

(d) **Statements, Part 2, Question 4 – Payments or other transfers of property made within 1 year before filing this case that benefited any insider**. The information reported on Question 4 is representative of the total payments made to insiders on behalf of multiple Debtor entities during the one (1) year prior to the Petition Date. For the avoidance of doubt, the information reported on Question 4 may include payments to individuals who may have been insiders at the time they were employed by a Debtor but are no longer employed by a Debtor. Individual payments to Debtor

affiliates are not reflected in Question 4 due to their complexity and voluminous nature.

(e) **Statements, Part 2, Question 6 – Setoffs**. For a discussion of setoffs and nettings incurred by the Debtors, refer to paragraph 4(v) of these Global Notes.

(f) **Statements, Part 5, Question 10 – Certain Losses**. The Debtors have reported inventory shrink for the one-year period of 7/7/2019 to 7/4/2020. Chargebacks and cash short have been reported for the period of 7/6/2019 to 7/4/2020.

(g) **Statements, Part 6, Question 11 – Payments Related to Bankruptcy**. Certain disbursements listed in Statement 11 reflect payments to professionals made by a certain Debtor entity, but may be subject to applicable allocation amongst the Debtors. The Debtors have listed payments made to professionals retained by the Debtors but not payments made to advisors of their postpetition lenders or other parties on account of any applicable fee arrangements.

(h) **Statements, Part 7, Question 14 – Previous Addresses**. The Debtors have reported previous addresses of offices and distributions centers but not individual retail stores.

(i) **Statements, Part 9, Question 16 – Personally Identifiable Information**. The Debtors have a Data Management Standard and Records Management Policy, which includes, among other things, the management of personally identifiable information.

(j) **Statements, Part 10, Question 20 – Off-premises storage**. The Debtors hold many storage units within leased mall properties, which are not reported in Statement Question 20.

(k) **Statements, Part 12, Questions 22-24 – Details about Environmental Information**. The Debtors have endeavored to disclose all applicable information in response to Statements, Part 12, Questions 22–24.

(l) **Statements, Part 13, Question 26 – Books, Records, and Financial Statements**. Pursuant to the requirements of the Securities Exchange Act of 1934, as amended, at the end of each of its fiscal quarters and years and upon the occurrence of significant events, Debtor Ascena Retail Group, Inc. prepares and files or furnishes with the SEC Quarterly Reports on Form 10-Q, Annual Reports on Form 10-K and Current Reports on Form 8-K, among others (collectively, the "SEC Filings"). Certain of Ascena Retail Group, Inc.'s SEC Filings contain consolidated financial information relating to the Debtor and certain of its affiliates. Additionally, the Debtors have historically provided information, such as annual reports, on their website. Because the SEC Filings and other reports are of public record, the Debtor does not maintain records of the parties who requested or obtained copies of any of the SEC Filings from the SEC, the Debtors, or other sources.

(m) **Statements, Part 13, Question 27 – Inventories**. For the store level inventories the Debtors report the cost impact of the physical inventories for each physical inventory

count. For the distribution center inventories, the Debtors report the previous two months of inventory balances per the books and records.

(n) **Statements, Part 13, Question 28 – Current Partners, Officers, Directors, and Shareholders**. The Debtors incorporate by reference the *List of Equity Security Holders* filed as part of their voluntary petitions for relief under chapter 11. In addition, the Debtors have listed only entities that are directly owned by an individual Debtor as of the Petition Date.

(o) **Statements, Part 13, Question 29 – Former officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor**. For the date position held, the Debtors instead have provided the date in which the party became an employee or member of the Debtors.

(p) **Statements, Part 13, Question 30 – Payments, Distributions, or Withdrawals Credited or Given to Insiders**. Please refer to Question 4 of the Statements for Ascena Retail Group, Inc. regarding all payments to insiders.

**Fill in this information to identify the case:**

Debtor name Ascena Retail Holdings, Inc.

United States Bankruptcy Court for the: Eastern District of Virginia

Case number (If known): 20-33136 (KRH)

☐ Check if this is an amended filing

# Official Form 206Sum

## Summary of Assets and Liabilities for Non-Individuals

12/15

## Part 1: Summary of Assets

1. ***Schedule A/B: Assets–Real and Personal Property*** (Official Form 206A/B)

| | |
|---|---|
| 1a. **Real property:** Copy line 88 from *Schedule A/B* | $ 0.00 |
| 1b. **Total personal property:** Copy line 91A from *Schedule A/B* | $ 103,513,391.48 + undetermined amounts |
| 1c. **Total of all property:** Copy line 92 from *Schedule A/B* | $ 103,513,391.48 + undetermined amounts |

## Part 2: Summary of Liabilities

| | |
|---|---|
| 2. ***Schedule D: Creditors Who Have Claims Secured by Property*** (Official Form 206D) Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D* | $ 1,608,067,329.17 |
| 3. ***Schedule E/F: Creditors Who Have Unsecured Claims*** (Official Form 206E/F) | |
| 3a. **Total claim amounts of priority unsecured claims:** Copy the total claims from Part 1 from line 5a of *Schedule E/F* | $ 0.00 |
| 3b. **Total amount of claims of nonpriority amount of unsecured claims:** Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F* | + $ 743,819.81 |
| 4. **Total liabilities** Lines 2 + 3a + 3b | $ 1,608,811,148.98 |

**Fill in this information to identify the case:**

Debtor name Ascena Retail Holdings, Inc.

United States Bankruptcy Court for the: Eastern District of Virginia

Case number (If known): 20-33136 (KRH)

☐ Check if this is an amended filing

Official Form 206A/B

# Schedule A/B: Assets — Real and Personal Property

12/15

**Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).**

**Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.**

**For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.**

## Part 1: Cash and cash equivalents

1. **Does the debtor have any cash or cash equivalents?**

☒ No. Go to Part 2.
☐ Yes. Fill in the information below.

| **All cash or cash equivalents owned or controlled by the debtor** | **Current value of debtor's interest** |
|---|---|
| 2. **Cash on hand** | $ |

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|
| 3.1. | | | $ |
| 3.2. | | | $ |

4. **Other cash equivalents** *(Identify all)*

| | |
|---|---|
| 4.1. | $ |
| 4.2. | $ |

5. **Total of Part 1**

Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

$ 0.00

## Part 2: Deposits and prepayments

6. **Does the debtor have any deposits or prepayments?**

☒ No. Go to Part 3.
☐ Yes. Fill in the information below.

**Current value of debtor's interest**

7. **Deposits, including security deposits and utility deposits**

| Description, including name of holder of deposit | |
|---|---|
| 7.1. | $ |
| 7.2. | $ |

Debtor Ascena Retail Holdings, Inc. Case number (if known) 20-33136 (KRH)
Name

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

Description, including name of holder of prepayment

8.1. ______ $______

8.2. ______ $______

9. **Total of Part 2.**
Add lines 7 through 8. Copy the total to line 81. $ 0.00

## Part 3: Accounts receivable

10. **Does the debtor have any accounts receivable?**

☒ No. Go to Part 4.
☐ Yes. Fill in the information below.

**Current value of debtor's interest**

11. **Accounts receivable**

11a. 90 days old or less: ______ face amount – ______ doubtful or uncollectible accounts = ........ ➔ $______

11b. Over 90 days old: ______ face amount – ______ doubtful or uncollectible accounts = ........ ➔ $______

12. **Total of Part 3**
Current value on lines 11a + 11b = line 12. Copy the total to line 82. $ 0.00

## Part 4: Investments

13. **Does the debtor own any investments?**

☐ No. Go to Part 5.
☒ Yes. Fill in the information below.

| | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|
| **14. Mutual funds or publicly traded stocks not included in Part 1** | | |
| Name of fund or stock: | | |
| 14.1. None | | $ 0.00 |
| 14.2. | | $ |
| **15. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture** | | |
| Name of entity: / % of ownership: | | |
| 15.1. See Attached Rider ___% | | $ 0.00 |
| 15.2. ___% | | $ + undetermined amounts |
| **16. Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1** | | |
| Describe: | | |
| 16.1. None | | $ 0.00 |
| 16.2. | | $ |

17. **Total of Part 4**
Add lines 14 through 16. Copy the total to line 83. $ 0.00 + undetermined amounts

Debtor Ascena Retail Holdings, Inc. Case number (*if known*) 20-33136 (KRH)
Name

## Part 5: Inventory, excluding agriculture assets

18. **Does the debtor own any inventory (excluding agriculture assets)?**

☒ No. Go to Part 6.

☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 19. **Raw materials** | | | | |
| ____ | MM / DD / YYYY | $____ | ____ | $____ |
| 20. **Work in progress** | | | | |
| ____ | MM / DD / YYYY | $____ | ____ | $____ |
| 21. **Finished goods, including goods held for resale** | | | | |
| ____ | MM / DD / YYYY | $____ | ____ | $____ |
| 22. **Other inventory or supplies** | | | | |
| ____ | MM / DD / YYYY | $____ | ____ | $____ |

23. **Total of Part 5** — $ 0.00

Add lines 19 through 22. Copy the total to line 84.

24. **Is any of the property listed in Part 5 perishable?**

☐ No

☐ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes. Book value ____ Valuation method____ Current value____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☐ No

☐ Yes

## Part 6: Farming and fishing-related assets (other than titled motor vehicles and land)

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☒ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28. **Crops—either planted or harvested** | | | |
| ____ | $____ | ____ | $____ |
| 29. **Farm animals** *Examples*: Livestock, poultry, farm-raised fish | | | |
| ____ | $____ | ____ | $____ |
| 30. **Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| ____ | $____ | ____ | $____ |
| 31. **Farm and fishing supplies, chemicals, and feed** | | | |
| ____ | $____ | ____ | $____ |
| 32. **Other farming and fishing-related property not already listed in Part 6** | | | |
| ____ | $____ | ____ | $____ |

33. **Total of Part 6.**
Add lines 28 through 32. Copy the total to line 85. $ 0.00

34. **Is the debtor a member of an agricultural cooperative?**
- ☐ No
- ☐ Yes. Is any of the debtor's property stored at the cooperative?
  - ☐ No
  - ☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**
- ☐ No
- ☐ Yes. Book value $______ Valuation method ______ Current value $______

36. **Is a depreciation schedule available for any of the property listed in Part 6?**
- ☐ No
- ☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**
- ☐ No
- ☐ Yes

## Part 7: Office furniture, fixtures, and equipment; and collectibles

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**
- ☒ No. Go to Part 8.
- ☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** | | | |
| | $ | | $ |
| 40. **Office fixtures** | | | |
| | $ | | $ |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| | $ | | $ |
| 42. **Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1 | $ | | $ |
| 42.2 | $ | | $ |
| 42.3 | $ | | $ |

43. **Total of Part 7.**
Add lines 39 through 42. Copy the total to line 86. $ 0.00

44. **Is a depreciation schedule available for any of the property listed in Part 7?**
- ☐ No
- ☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**
- ☐ No
- ☐ Yes

Debtor Ascena Retail Holdings, Inc. Case number (if known) 20-33136 (KRH)
Name

## Part 8: Machinery, equipment, and vehicles

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

☒ No. Go to Part 9.
☐ Yes. Fill in the information below.

| **General description**<br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | **Net book value of debtor's interest**<br>(Where available) | **Valuation method used for current value** | **Current value of debtor's interest** |
|---|---|---|---|
| 47. **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1 | $ | | $ |
| 47.2 | $ | | $ |
| 47.3 | $ | | $ |
| 47.4 | $ | | $ |
| 48. **Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| 48.1 | $ | | $ |
| 48.2 | $ | | $ |
| 49. **Aircraft and accessories** | | | |
| 49.1 | $ | | $ |
| 49.2 | $ | | $ |
| 50. **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |
| | $ | | $ |

51. **Total of Part 8.**
Add lines 47 through 50. Copy the total to line 87. $ 0.00

52. **Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No
☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No
☐ Yes

Debtor Ascena Retail Holdings, Inc. Case number (if known) 20-33136 (KRH)

## Part 9: Real property

54. **Does the debtor own or lease any real property?**
- [X] No. Go to Part 10.
- [ ] Yes. Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1 | | $ | | $ |
| 55.2 | | $ | | $ |
| 55.3 | | $ | | $ |
| 55.4 | | $ | | $ |
| 55.5 | | $ | | $ |
| 55.6 | | $ | | $ |

56. **Total of Part 9.** $0.00
Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

57. **Is a depreciation schedule available for any of the property listed in Part 9?**
- [ ] No
- [ ] Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**
- [ ] No
- [ ] Yes

## Part 10: Intangibles and intellectual property

59. **Does the debtor have any interests in intangibles or intellectual property?**
- [X] No. Go to Part 11.
- [ ] Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets** | $ | | $ |
| 61. **Internet domain names and websites** | $ | | $ |
| 62. **Licenses, franchises, and royalties** | $ | | $ |
| 63. **Customer lists, mailing lists, or other compilations** | $ | | $ |
| 64. **Other intangibles, or intellectual property** | $ | | $ |
| 65. **Goodwill** | $ | | $ |

66. **Total of Part 10.** $0.00
Add lines 60 through 65. Copy the total to line 89.

Debtor Ascena Retail Holdings, Inc. Case number (if known) 20-33136 (KRH)

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)**?**
- ☐ No
- ☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**
- ☐ No
- ☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**
- ☐ No
- ☐ Yes

## Part 11: All other assets

70. **Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.
- ☐ No. Go to Part 12.
- ☒ Yes. Fill in the information below.

| | | | Current value of debtor's interest |
|---|---|---|---|
| **71. Notes receivable** | | | |
| Description (include name of obligor) | Total face amount | doubtful or uncollectible amount | |
| None | | | $0.00 |
| **72. Tax refunds and unused net operating losses (NOLs)** | | | |
| Description (for example, federal, state, local) | | | |
| None | | Tax year | $0.00 |
| | | Tax year | $ |
| | | Tax year | $ |
| **73. Interests in insurance policies or annuities** | | | |
| See Attached Rider | | | $0.00 + undetermined amounts |
| **74. Causes of action against third parties (whether or not a lawsuit has been filed)** | | | |
| None | | | $0.00 |
| **Nature of claim** | | | |
| **Amount requested** | $ | | |
| **75. Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims** | | | |
| None | | | $0.00 |
| **Nature of claim** | | | |
| **Amount requested** | $ | | |
| **76. Trusts, equitable or future interests in property** | | | |
| None | | | $0.00 |
| **77. Other property of any kind not already listed** *Examples:* Season tickets, country club membership | | | |
| Net Intercompany Loan Receivable - Ascena Retail Group, Inc. | | | $103,513,391.48 |
| | | | $ |
| **78. Total of Part 11.** Add lines 71 through 77. Copy the total to line 90. | | | $103,513,391.48 + undetermined amounts |

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**
- ☒ No
- ☐ Yes

Debtor Ascena Retail Holdings, Inc. Case number (if known) 20-33136 (KRH)
Name

## Part 12: Summary

**In Part 12 copy all of the totals from the earlier parts of the form.**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $ 0.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $ 0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $ 0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $ 0.00 + undetermined amounts | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $ 0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $ 0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $ 0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $ 0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.* → | | $ 0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $ 0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $ 103,513,391.48 + undetermined amounts | |
| 91. **Total.** Add lines 80 through 90 for each column. | 91a. $ 103,513,391.48 + undetermined amounts | + 91b. $ 0.00 |

92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. ............ $ 103,513,391.48 + undetermined amounts

Debtor Name: Ascena Retail Holdings, Inc. Case Number: 20-33136 (KRH)

**Assets - Real and Personal Property**

**Part 4, Question 15:** Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture

| Name of Entity | % of ownership | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| Fashion Apparel Sourcing LLC | 100% | N/A | Undetermined |
| | | **TOTAL** | **$0.00<br>+ undetermined amounts** |

Debtor Name: Ascena Retail Holdings, Inc. Case Number: 20-33136 (KRH)

**Assets - Real and Personal Property**

**Part 11, Question 73:** Interests in insurance policies or annuities

| Description | Policy type | Policy number | Current value of debtor's interest |
|---|---|---|---|
| Lloyd's Of London | Excess Terrorism | B0509BOWTN1900344 | Undetermined |
| Shelter Reinsurance Company | Excess Earthquake | SHR 1683 | Undetermined |
| Aspen Specialty Insurance Company | Excess Earthquake | NSAU1391 | Undetermined |
| Allianz Global Risk US Insurance Company | Cargo (US & Canada) | OC91752200 | Undetermined |
| Chubb Insurance | Foreign Package | CXCD38527411004 | Undetermined |
| AXA XL / Greenwich Insurance Company | Cyber Insurance | MTP903593502 | Undetermined |
| Beazley Insurance Company, Inc. | Excess Cyber Liability | V20AD6190301 | Undetermined |
| National Union Fire Insurance Company Of Pittsburgh, PA / AIG Inc. | Excess Cyber Liability | 02-340-88-18 | Undetermined |
| Continental Insurance Company Of New Jersey | Excess Cyber Liability | 596840794 | Undetermined |
| Aon / Lloyd's Of London | Excess Cyber Liability | FSCEO1901182 | Undetermined |
| Nationwide / Freedom Specialty Insurance Company | Excess Cyber Liability | XMF1909333 | Undetermined |
| Travelers Casualty And Surety Company Of America | Excess Cyber Liability | 106175176 | Undetermined |
| Zurich American Insurance Company | Excess Cyber Liability | SPR 0217712-04 | Undetermined |
| Hiscox Insurance Company Inc. | Special Crime | UKA3005249.19 | Undetermined |
| Liberty International Insurance Limited | Office Plus (Foreign Local Office Package) | H1119910900919 | Undetermined |
| Chubb Insurance Limited | Corporate Travel Policy (Foreign Group Travel) | 93094465 | Undetermined |
| Safety National Casualty Corporation | General Liability | GL4058280 | Undetermined |
| XL Specialty Insurance Company | General Liability (Umbrella/Excess) | US00077707LI19B | Undetermined |
| Allianz Global Risk US Insurance Company | General Liability (Umbrella/Excess) | USL00180819Z | Undetermined |
| Great American Insurance Group | General Liability (Umbrella/Excess) | EXC 3161377 | Undetermined |
| Ohio Casualty Company / Liberty Mutual Insurance | General Liability (Umbrella/Excess) | ECO2058569179 | Undetermined |
| The Continental Insurance Company | General Liability (Umbrella/Excess) | 6024044743 | Undetermined |
| Safety National Casualty Corporation | Automobile | CAF4058281 | Undetermined |
| Starr Indemnity & Liability Company | Directors and Officers (D&O) Liability | 1000620935181 | Undetermined |
| CNA | Excess Liability (D&O) | 652002154 | Undetermined |
| XL Specialty Insurance Company | Excess Liability (D&O) | ELU155773-18 | Undetermined |
| RLI Insurance Company | Excess Liability (D&O) | EPG0019489 | Undetermined |
| Argonaut Insurance Company | Excess Liability (D&O) | MLX 4209120-0 | Undetermined |

Debtor Name: Ascena Retail Holdings, Inc. Case Number: 20-33136 (KRH)

**Assets - Real and Personal Property**

**Part 11, Question 73:** Interests in insurance policies or annuities

| Description | Policy type | Policy number | Current value of debtor's interest |
|---|---|---|---|
| Old Republic Insurance Company | Excess Liability (D&O) | ORPRO 40920 | Undetermined |
| North American Specialty Insurance Company | Excess Liability (D&O) | DOE 2001444 00 | Undetermined |
| Axis Insurance Company | Excess Liability (D&O) | MNN630627-01-2018 | Undetermined |
| ANV Global Services, Inc. / Lloyd's Of London | Excess Liability (D&O) | ANV120219A | Undetermined |
| Canopius Insurance Services | Excess Liability (D&O) | CUAI0053-00 | Undetermined |
| Berkley Insurance Company | Excess Liability (D&O) | BPRO8033260 | Undetermined |
| Markel American Insurance Company | Excess Liability (D&O) | MKLM6EL0003685 | Undetermined |
| Travelers Casualty And Surety Company Of America | Excess Liability (D&O) | 106525151 | Undetermined |
| Axis Insurance Company | Excess Liability (D&O) | MNN630628-01-2018 | Undetermined |
| North American Specialty Insurance Company | Excess Liability (D&O) | DAX 2000128 01 | Undetermined |
| Old Republic Insurance Company | Excess Liability (D&O) | ORPRO 40940 | Undetermined |
| Berkley Insurance Company | Excess Liability (D&O) | BPRO8033772 | Undetermined |
| Wesco Insurance Company | Excess Liability (D&O) | EUW1130709 03 | Undetermined |
| Freedom Specialty Insurance Company | Excess Liability (D&O) | XMF1801740 | Undetermined |
| Endurance American Insurance Company | Excess Liability (D&O) | DOX10011185501 | Undetermined |
| Axis Insurance Company | Commercial Crime | P-001-000166145-01 | Undetermined |
| CNA Insurance / Continental Insurance Company Of New Jersey | Fiduciary Liability | 652020687 | Undetermined |
| XL Specialty Insurance Company | Excess Fiduciary Liability | ELU162852-19 | Undetermined |
| Axis Insurance Company | Excess Fiduciary Liability | MNN632156-01-2019 | Undetermined |
| Zurich American Insurance Company | Commercial Property | PPR9312384-08 | Undetermined |
| Alternus / Victor Insurance Managers Inc. | Commercial Property | RTX20043519 | Undetermined |
| Arch Specialty Insurance Company | Commercial Property | ESP1001175-00 | Undetermined |
| CNA Insurance | Commercial Property | RMP6073148292 | Undetermined |
| XL Insurance America, Inc. | Commercial Property | US00094702PR19A | Undetermined |
| Everest Indemnity Insurance Company | Commercial Property | RP5CF00247-191 | Undetermined |
| Kinsale Insurance Company | Commercial Property | 0100097780-0 | Undetermined |
| Liberty Mutual Fire Insurance Company | Commercial Property | MQ2-L9L-471015-029 | Undetermined |
| Liberty Mutual Fire Insurance Company | Commercial Property | MJ2-L9L-471015-019 | Undetermined |
| Evanston Insurance Company / Markel | Commercial Property | MKLV10XP003581 | Undetermined |
| Nationwide / Scottsdale Insurance Company | Commercial Property | BXS0001426 | Undetermined |

Debtor Name: Ascena Retail Holdings, Inc. Case Number: 20-33136 (KRH)

**Assets - Real and Personal Property**

**Part 11, Question 73:** Interests in insurance policies or annuities

| Description | Policy type | Policy number | Current value of debtor's interest |
|---|---|---|---|
| Landmark American Insurance Company / RSUI Group | Commercial Property | LHD910051 | Undetermined |
| Starr Specialty Lines Insurance Agency, LLC | Commercial Property | SLSTPTY11225919 | Undetermined |
| Ace American Insurance Company (Chubb) | Commercial Property | PEX D42285845001 | Undetermined |
| Tokio Marine America Insurance Company | Commercial Property | LCP648123600 | Undetermined |
| AIG Specialty Insurance | Commercial Property | 25032720 | Undetermined |
| Chubb Bermuda Insurance Ltd. | Commercial Property | ASCENA01796P | Undetermined |
| Starr Surplus Lines Insurance Company | Commercial Property | 19SLCFN11077201 | Undetermined |
| Argo / Lloyd's Of London | Commercial Property | BOWPN1900749 | Undetermined |
| Landmark American Insurance Company | Flood insurance | LHD909383 | Undetermined |
| Lloyd's Of London | Terrorism & Sabotage Insurance | BOWTN1900344 | Undetermined |
| Safety National Casualty Corporation | Workers Compensation | PS 4042558 | Undetermined |
| Safety National Casualty Corporation | Workers Compensation | LDS4056505 | Undetermined |
| National Casualty | Directors and Officers - Dimes from the Heart | EK03341869 | Undetermined |
| | | **TOTAL** | **$0.00 + undetermined amounts** |

**Fill in this information to identify the case:**

Debtor name Ascena Retail Holdings, Inc.

United States Bankruptcy Court for the: Eastern District of Virginia

Case number (If known): 20-33136 (KRH)

☐ Check if this is an amended filing

Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property

12/15

**Be as complete and accurate as possible.**

1. **Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
☒ Yes. Fill in all of the information below.

## Part 1: List Creditors Who Have Secured Claims

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

*Column A* **Amount of claim** Do not deduct the value of collateral.

*Column B* **Value of collateral that supports this claim**

**2.1 Creditor's name**
GOLDMAN SACHS BANK USA

**Describe debtor's property that is subject to a lien**

Column A: $ 1,275,868,282.19 — Column B: $ Undetermined

**Creditor's mailing address**
C/O GOLDMAN, SACHS & CO.
ATTN: SBD OPERATIONS
30 HUDSON STREET, 36TH FLOOR
JERSEY CITY, NJ 07302

**Describe the lien**
Guarantor of Term Loan B, due August 21, 2022

**Creditor's email address, if known**

**Is the creditor an insider or related party?**
☒ No
☐ Yes

**Date debt was incurred** Undetermined

**Last 4 digits of account number**

**Is anyone else liable on this claim?**
☐ No
☒ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

**Do multiple creditors have an interest in the same property?**
☐ No
☒ Yes. Specify each creditor, including this creditor, and its relative priority.

See Global Notes for Schedule D Disclosures

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☒ Unliquidated
☐ Disputed

**2.2 Creditor's name**
JPMORGAN CHASE BANK

**Describe debtor's property that is subject to a lien**

Column A: $ 332,199,046.98 — Column B: $ Undetermined

**Creditor's mailing address**
ATTN: DONNA DIFORIO
4 NEW YORK PLAZA, 17TH FLOOR
MAIL CODE: NY1-E061
NEW YORK, NY 10004

**Describe the lien**
Guarantor of ABL Revolver, due May 27, 2023 or 91 days prior to Term Loan B maturity

**Creditor's email address, if known**
donna.diforio@jpmorgan.com

**Is the creditor an insider or related party?**
☒ No
☐ Yes

**Date debt was incurred** Undetermined

**Last 4 digits of account number**

**Is anyone else liable on this claim?**
☐ No
☒ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

**Do multiple creditors have an interest in the same property?**
☐ No
☒ Yes. Have you already specified the relative priority?
☐ No. Specify each creditor, including this creditor, and its relative priority.
☒ Yes. The relative priority of creditors is specified on lines 2.1

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☒ Unliquidated
☐ Disputed

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.** $ 1,608,067,329.17

Debtor Ascena Retail Holdings, Inc.
Name

Case number *(if known)* 20-33136 (KRH)

## Part 2: List Others to Be Notified for a Debt Already Listed in Part 1

**List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.**

**If no other need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.**

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| GOLDMAN SACHS BANK USA<br>200 WEST STREET<br>ATTN: ANISHA MALHOTRA<br>NEW YORK, NY 10282-2198 | Line 1 | |

**Fill in this information to identify the case:**

Debtor Ascena Retail Holdings, Inc.

United States Bankruptcy Court for the: Eastern District of Virginia

Case number (If known) 20-33136 (KRH)

☐ Check if this is an amended filing

Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims

12/15

**Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B*)* and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.**

## Part 1: List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).
   ☒ No. Go to Part 2.
   ☐ Yes. Go to line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | Total claim | Priority amount |
|---|---|---|---|
| **2.1** **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* ☐ Contingent ☐ Unliquidated ☐ Disputed | $______ | $______ |
| **Date or dates debt was incurred** ______ | **Basis for the claim:** ______ | | |
| **Last 4 digits of account number** ___ ___ ___ ___ | **Is the claim subject to offset?** ☐ No ☐ Yes | | |
| **Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (_____) | | | |
| **2.2** **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* ☐ Contingent ☐ Unliquidated ☐ Disputed | $______ | $______ |
| **Date or dates debt was incurred** ______ | **Basis for the claim:** ______ | | |
| **Last 4 digits of account number** ___ ___ ___ ___ | **Is the claim subject to offset?** ☐ No ☐ Yes | | |
| **Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (_____) | | | |
| **2.3** **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* ☐ Contingent ☐ Unliquidated ☐ Disputed | $______ | $______ |
| **Date or dates debt was incurred** ______ | **Basis for the claim:** ______ | | |
| **Last 4 digits of account number** ___ ___ ___ ___ | **Is the claim subject to offset?** ☐ No ☐ Yes | | |
| **Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (_____) | | | |

Debtor Ascena Retail Holdings, Inc. Case number (*if known*) 20-33136 (KRH)

## Part 2: List All Creditors with NONPRIORITY Unsecured Claims

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

**Amount of claim**

**3.1 Nonpriority creditor's name and mailing address**
FASHION APPAREL SOURCING LLC
8323 WALTON PARKWAY
NEW ALBANY, OH43054

**As of the petition filing date, the claim is:** *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

$ 743,819.81

**Basis for the claim:** Net Intercompany Balance Payable

**Date or dates debt was incurred** Undetermined

**Last 4 digits of account number** ___ ___ ___ ___

**Is the claim subject to offset?**
☐ No
☒ Yes

**3.2 Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:** *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

$ ____________

**Basis for the claim:** ____________

**Date or dates debt was incurred** ____________

**Last 4 digits of account number** ___ ___ ___ ___

**Is the claim subject to offset?**
☐ No
☐ Yes

**3.3 Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:** *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

$ ____________

**Basis for the claim:** ____________

**Date or dates debt was incurred** ____________

**Last 4 digits of account number** ___ ___ ___ ___

**Is the claim subject to offset?**
☐ No
☐ Yes

**3.4 Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:** *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

$ ____________

**Basis for the claim:** ____________

**Date or dates debt was incurred** ____________

**Last 4 digits of account number** ___ ___ ___ ___

**Is the claim subject to offset?**
☐ No
☐ Yes

**3.5 Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:** *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

$ ____________

**Basis for the claim:** ____________

**Date or dates debt was incurred** ____________

**Last 4 digits of account number** ___ ___ ___ ___

**Is the claim subject to offset?**
☐ No
☐ Yes

**3.6 Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:** *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

$ ____________

**Basis for the claim:** ____________

**Date or dates debt was incurred** ____________

**Last 4 digits of account number** ___ ___ ___ ___

**Is the claim subject to offset?**
☐ No
☐ Yes

Debtor Ascena Retail Holdings, Inc.
Name

Case number *(if known)* 20-33136 (KRH)

## Part 3: List Others to Be Notified About Unsecured Claims

**4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|

## Part 4: Total Amounts of the Priority and Nonpriority Unsecured Claims

**5. Add the amounts of priority and nonpriority unsecured claims.**

| | | | Total of claim amounts |
|---|---|---|---|
| 5a. **Total claims from Part 1** | 5a. | | $ 0.00 |
| 5b. **Total claims from Part 2** | 5b. | + | $ 743,819.81 |
| 5c. **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | | $ 743,819.81 |

**Fill in this information to identify the case:**

Debtor name Ascena Retail Holdings, Inc.

United States Bankruptcy Court for the: Eastern District of Virginia

Case number (If known): 20-33136 (KRH) Chapter 11

☐ Check if this is an amended filing

Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases

12/15

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

1. **Does the debtor have any executory contracts or unexpired leases?**

☒ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☐ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| 2. List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|
| 2.1 | State what the contract or lease is for and the nature of the debtor's interest | |
| | State the term remaining | |
| | List the contract number of any government contract | |
| 2.2 | State what the contract or lease is for and the nature of the debtor's interest | |
| | State the term remaining | |
| | List the contract number of any government contract | |
| 2.3 | State what the contract or lease is for and the nature of the debtor's interest | |
| | State the term remaining | |
| | List the contract number of any government contract | |
| 2.4 | State what the contract or lease is for and the nature of the debtor's interest | |
| | State the term remaining | |
| | List the contract number of any government contract | |
| 2.5 | State what the contract or lease is for and the nature of the debtor's interest | |
| | State the term remaining | |
| | List the contract number of any government contract | |

**Fill in this information to identify the case:**

Debtor name Ascena Retail Holdings, Inc.

United States Bankruptcy Court for the: Eastern District of Virginia

Case number (If known): 20-33136 (KRH)

❑ Check if this is an amended filing

Official Form 206H

# Schedule H: Codebtors

12/15

**Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.**

1. **Does the debtor have any codebtors?**
   ❑ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.
   ☒ Yes

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, *Schedules D-G*.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| | *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing address** | **Name** | *Check all schedules that apply:* |
| 2.1 | Fashion Apparel Sourcing LLC | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | GOLDMAN SACHS BANK USA | ☒ D<br>❑ E/F<br>❑ G |
| 2.2 | Fashion Apparel Sourcing LLC | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | JPMORGAN CHASE BANK | ☒ D<br>❑ E/F<br>❑ G |
| 2.3 | Tween Brands Service Co. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | GOLDMAN SACHS BANK USA | ☒ D<br>❑ E/F<br>❑ G |
| 2.4 | Tween Brands Service Co. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | JPMORGAN CHASE BANK | ☒ D<br>❑ E/F<br>❑ G |
| 2.5 | Catherines, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | GOLDMAN SACHS BANK USA | ☒ D<br>❑ E/F<br>❑ G |
| 2.6 | Catherines, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | JPMORGAN CHASE BANK | ☒ D<br>❑ E/F<br>❑ G |

Debtor Ascena Retail Holdings, Inc. Case number (if known) 20-33136 (KRH)

## Additional Page if Debtor Has More Codebtors

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

| | *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing address** | **Name** | *Check all schedules that apply:* |
| 2.7 | ASNA Plus Fashion, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | GOLDMAN SACHS BANK USA | ☒ D ☐ E/F ☐ G |
| 2.8 | ASNA Plus Fashion, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | JPMORGAN CHASE BANK | ☒ D ☐ E/F ☐ G |
| 2.9 | Ascena Retail Group, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | GOLDMAN SACHS BANK USA | ☒ D ☐ E/F ☐ G |
| 2.10 | Ascena Retail Group, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | JPMORGAN CHASE BANK | ☒ D ☐ E/F ☐ G |
| 2.11 | Chestnut Acquisition Sub Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | GOLDMAN SACHS BANK USA | ☒ D ☐ E/F ☐ G |
| 2.12 | Chestnut Acquisition Sub Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | JPMORGAN CHASE BANK | ☒ D ☐ E/F ☐ G |
| 2.13 | PSTM, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | GOLDMAN SACHS BANK USA | ☒ D ☐ E/F ☐ G |
| 2.14 | PSTM, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | JPMORGAN CHASE BANK | ☒ D ☐ E/F ☐ G |
| 2.15 | Fashion Service Fulfillment Corporation | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | GOLDMAN SACHS BANK USA | ☒ D ☐ E/F ☐ G |
| 2.16 | Fashion Service Fulfillment Corporation | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | JPMORGAN CHASE BANK | ☒ D ☐ E/F ☐ G |
| 2.17 | Crosstown Traders, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | GOLDMAN SACHS BANK USA | ☒ D ☐ E/F ☐ G |

Debtor Ascena Retail Holdings, Inc. Case number (if known) 20-33136 (KRH)

## Additional Page if Debtor Has More Codebtors

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

| | *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing address** | **Name** | *Check all schedules that apply:* |
| 2.18 | Crosstown Traders, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | JPMORGAN CHASE BANK | ☒ D ☐ E/F ☐ G |
| 2.19 | 933 Inspiration LLC | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | GOLDMAN SACHS BANK USA | ☒ D ☐ E/F ☐ G |
| 2.20 | 933 Inspiration LLC | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | JPMORGAN CHASE BANK | ☒ D ☐ E/F ☐ G |
| 2.21 | Sonsi, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | GOLDMAN SACHS BANK USA | ☒ D ☐ E/F ☐ G |
| 2.22 | Sonsi, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | JPMORGAN CHASE BANK | ☒ D ☐ E/F ☐ G |
| 2.23 | Charming Sales Co. Four, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | GOLDMAN SACHS BANK USA | ☒ D ☐ E/F ☐ G |
| 2.24 | Charming Sales Co. Four, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | JPMORGAN CHASE BANK | ☒ D ☐ E/F ☐ G |
| 2.25 | ASNA Value Fashion LLC | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | GOLDMAN SACHS BANK USA | ☒ D ☐ E/F ☐ G |
| 2.26 | ASNA Value Fashion LLC | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | JPMORGAN CHASE BANK | ☒ D ☐ E/F ☐ G |
| 2.27 | Winks Lane, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | GOLDMAN SACHS BANK USA | ☒ D ☐ E/F ☐ G |
| 2.28 | Winks Lane, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | JPMORGAN CHASE BANK | ☒ D ☐ E/F ☐ G |

Debtor Ascena Retail Holdings, Inc. Case number (if known) 20-33136 (KRH)

**Additional Page if Debtor Has More Codebtors**

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

| | *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing address** | **Name** | *Check all schedules that apply:* |
| 2.29 | Fashion Service LLC | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | GOLDMAN SACHS BANK USA | ☒ D<br>☐ E/F<br>☐ G |
| 2.30 | Fashion Service LLC | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | JPMORGAN CHASE BANK | ☒ D<br>☐ E/F<br>☐ G |
| 2.31 | Spirit of America, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | GOLDMAN SACHS BANK USA | ☒ D<br>☐ E/F<br>☐ G |
| 2.32 | Spirit of America, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | JPMORGAN CHASE BANK | ☒ D<br>☐ E/F<br>☐ G |
| 2.33 | Ann Card Services, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | GOLDMAN SACHS BANK USA | ☒ D<br>☐ E/F<br>☐ G |
| 2.34 | Ann Card Services, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | JPMORGAN CHASE BANK | ☒ D<br>☐ E/F<br>☐ G |
| 2.35 | CS Holdco II Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | GOLDMAN SACHS BANK USA | ☒ D<br>☐ E/F<br>☐ G |
| 2.36 | CS Holdco II Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | JPMORGAN CHASE BANK | ☒ D<br>☐ E/F<br>☐ G |
| 2.37 | Charming Sales Co. One, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | GOLDMAN SACHS BANK USA | ☒ D<br>☐ E/F<br>☐ G |
| 2.38 | Charming Sales Co. One, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | JPMORGAN CHASE BANK | ☒ D<br>☐ E/F<br>☐ G |
| 2.39 | Backingbrands Buying Agent, LLC | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | GOLDMAN SACHS BANK USA | ☒ D<br>☐ E/F<br>☐ G |

Debtor Ascena Retail Holdings, Inc. Case number (if known) 20-33136 (KRH)

## Additional Page if Debtor Has More Codebtors

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

| | *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing address** | **Name** | *Check all schedules that apply:* |
| 2.40 | Backingbrands Buying Agent, LLC | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | JPMORGAN CHASE BANK | ☒ D<br>☐ E/F<br>☐ G |
| 2.41 | Worldwide Retail Holdings, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | GOLDMAN SACHS BANK USA | ☒ D<br>☐ E/F<br>☐ G |
| 2.42 | Worldwide Retail Holdings, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | JPMORGAN CHASE BANK | ☒ D<br>☐ E/F<br>☐ G |
| 2.43 | DBI Holdings, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | GOLDMAN SACHS BANK USA | ☒ D<br>☐ E/F<br>☐ G |
| 2.44 | DBI Holdings, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | JPMORGAN CHASE BANK | ☒ D<br>☐ E/F<br>☐ G |
| 2.45 | Ann, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | GOLDMAN SACHS BANK USA | ☒ D<br>☐ E/F<br>☐ G |
| 2.46 | Ann, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | JPMORGAN CHASE BANK | ☒ D<br>☐ E/F<br>☐ G |
| 2.47 | CSGC, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | GOLDMAN SACHS BANK USA | ☒ D<br>☐ E/F<br>☐ G |
| 2.48 | CSGC, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | JPMORGAN CHASE BANK | ☒ D<br>☐ E/F<br>☐ G |
| 2.49 | Charming Sales Co. Three, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | GOLDMAN SACHS BANK USA | ☒ D<br>☐ E/F<br>☐ G |
| 2.50 | Charming Sales Co. Three, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | JPMORGAN CHASE BANK | ☒ D<br>☐ E/F<br>☐ G |

Debtor Ascena Retail Holdings, Inc. Case number (if known) 20-33136 (KRH)

## Additional Page if Debtor Has More Codebtors

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

| | *Column 1:* **Codebtor** Name | Mailing address | *Column 2:* **Creditor** Name | *Check all schedules that apply:* |
|---|---|---|---|---|
| 2.51 | Backingbrands Solutions, LLC | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | GOLDMAN SACHS BANK USA | ☒ D ☐ E/F ☐ G |
| 2.52 | Backingbrands Solutions, LLC | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | JPMORGAN CHASE BANK | ☒ D ☐ E/F ☐ G |
| 2.53 | CCTM, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | GOLDMAN SACHS BANK USA | ☒ D ☐ E/F ☐ G |
| 2.54 | CCTM, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | JPMORGAN CHASE BANK | ☒ D ☐ E/F ☐ G |
| 2.55 | AnnCo, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | GOLDMAN SACHS BANK USA | ☒ D ☐ E/F ☐ G |
| 2.56 | AnnCo, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | JPMORGAN CHASE BANK | ☒ D ☐ E/F ☐ G |
| 2.57 | GC Fulfillment, LLC | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | GOLDMAN SACHS BANK USA | ☒ D ☐ E/F ☐ G |
| 2.58 | GC Fulfillment, LLC | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | JPMORGAN CHASE BANK | ☒ D ☐ E/F ☐ G |
| 2.59 | Charming Sales Co. Two, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | GOLDMAN SACHS BANK USA | ☒ D ☐ E/F ☐ G |
| 2.60 | Charming Sales Co. Two, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | JPMORGAN CHASE BANK | ☒ D ☐ E/F ☐ G |
| 2.61 | Too GC, LLC | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | GOLDMAN SACHS BANK USA | ☒ D ☐ E/F ☐ G |

Debtor Ascena Retail Holdings, Inc. Case number (if known) 20-33136 (KRH)
Name

**Additional Page if Debtor Has More Codebtors**

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

| | *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing address** | **Name** | *Check all schedules that apply:* |
| 2.62 | Too GC, LLC | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | JPMORGAN CHASE BANK | ☒ D<br>☐ E/F<br>☐ G |
| 2.63 | C.S.F. Corp. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | GOLDMAN SACHS BANK USA | ☒ D<br>☐ E/F<br>☐ G |
| 2.64 | C.S.F. Corp. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | JPMORGAN CHASE BANK | ☒ D<br>☐ E/F<br>☐ G |
| 2.65 | CSI Industries, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | GOLDMAN SACHS BANK USA | ☒ D<br>☐ E/F<br>☐ G |
| 2.66 | CSI Industries, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | JPMORGAN CHASE BANK | ☒ D<br>☐ E/F<br>☐ G |
| 2.67 | AnnTaylor Distribution Services, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | GOLDMAN SACHS BANK USA | ☒ D<br>☐ E/F<br>☐ G |
| 2.68 | AnnTaylor Distribution Services, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | JPMORGAN CHASE BANK | ☒ D<br>☐ E/F<br>☐ G |
| 2.69 | Charming Shoppes of Delaware, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | GOLDMAN SACHS BANK USA | ☒ D<br>☐ E/F<br>☐ G |
| 2.70 | Charming Shoppes of Delaware, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | JPMORGAN CHASE BANK | ☒ D<br>☐ E/F<br>☐ G |
| 2.71 | Catalog Receivables LLC | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | GOLDMAN SACHS BANK USA | ☒ D<br>☐ E/F<br>☐ G |
| 2.72 | Catalog Receivables LLC | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | JPMORGAN CHASE BANK | ☒ D<br>☐ E/F<br>☐ G |

Debtor Ascena Retail Holdings, Inc. Case number (if known) 20-33136 (KRH)

**Additional Page if Debtor Has More Codebtors**

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

| | Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|---|
| | **Name** | **Mailing address** | **Name** | *Check all schedules that apply:* |
| 2.73 | Lane Bryant #6243, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | GOLDMAN SACHS BANK USA | ☒ D ☐ E/F ☐ G |
| 2.74 | Lane Bryant #6243, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | JPMORGAN CHASE BANK | ☒ D ☐ E/F ☐ G |
| 2.75 | Tween Brands Agency, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | GOLDMAN SACHS BANK USA | ☒ D ☐ E/F ☐ G |
| 2.76 | Tween Brands Agency, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | JPMORGAN CHASE BANK | ☒ D ☐ E/F ☐ G |
| 2.77 | CSPE, LLC | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | GOLDMAN SACHS BANK USA | ☒ D ☐ E/F ☐ G |
| 2.78 | CSPE, LLC | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | JPMORGAN CHASE BANK | ☒ D ☐ E/F ☐ G |
| 2.79 | AnnTaylor Retail, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | GOLDMAN SACHS BANK USA | ☒ D ☐ E/F ☐ G |
| 2.80 | AnnTaylor Retail, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | JPMORGAN CHASE BANK | ☒ D ☐ E/F ☐ G |
| 2.81 | Charming Shoppes Receivables Corp. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | GOLDMAN SACHS BANK USA | ☒ D ☐ E/F ☐ G |
| 2.82 | Charming Shoppes Receivables Corp. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | JPMORGAN CHASE BANK | ☒ D ☐ E/F ☐ G |
| 2.83 | Catalog Seller LLC | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | GOLDMAN SACHS BANK USA | ☒ D ☐ E/F ☐ G |

Debtor Ascena Retail Holdings, Inc. Case number (if known) 20-33136 (KRH)

**Additional Page if Debtor Has More Codebtors**

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

| | *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing address** | **Name** | *Check all schedules that apply:* |
| 2.84 | Catalog Seller LLC | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | JPMORGAN CHASE BANK | ☒ D ☐ E/F ☐ G |
| 2.85 | Lane Bryant of Pennsylvania, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | GOLDMAN SACHS BANK USA | ☒ D ☐ E/F ☐ G |
| 2.86 | Lane Bryant of Pennsylvania, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | JPMORGAN CHASE BANK | ☒ D ☐ E/F ☐ G |
| 2.87 | Tween Brands Direct Services Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | GOLDMAN SACHS BANK USA | ☒ D ☐ E/F ☐ G |
| 2.88 | Tween Brands Direct Services Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | JPMORGAN CHASE BANK | ☒ D ☐ E/F ☐ G |
| 2.89 | DBX, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | GOLDMAN SACHS BANK USA | ☒ D ☐ E/F ☐ G |
| 2.90 | DBX, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | JPMORGAN CHASE BANK | ☒ D ☐ E/F ☐ G |
| 2.91 | AnnTaylor, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | GOLDMAN SACHS BANK USA | ☒ D ☐ E/F ☐ G |
| 2.92 | AnnTaylor, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | JPMORGAN CHASE BANK | ☒ D ☐ E/F ☐ G |
| 2.93 | Charming Shoppes Seller, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | GOLDMAN SACHS BANK USA | ☒ D ☐ E/F ☐ G |
| 2.94 | Charming Shoppes Seller, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | JPMORGAN CHASE BANK | ☒ D ☐ E/F ☐ G |

Debtor Ascena Retail Holdings, Inc. Case number (if known) 20-33136 (KRH)

## Additional Page if Debtor Has More Codebtors

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

| | Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|---|
| | **Name** | **Mailing address** | **Name** | *Check all schedules that apply:* |
| 2.95 | Catherines #5124, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | GOLDMAN SACHS BANK USA | ☒ D<br>☐ E/F<br>☐ G |
| 2.96 | Catherines #5124, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | JPMORGAN CHASE BANK | ☒ D<br>☐ E/F<br>☐ G |
| 2.97 | Lane Bryant Outlet 4106, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | GOLDMAN SACHS BANK USA | ☒ D<br>☐ E/F<br>☐ G |
| 2.98 | Lane Bryant Outlet 4106, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | JPMORGAN CHASE BANK | ☒ D<br>☐ E/F<br>☐ G |
| 2.99 | Tween Brands, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | GOLDMAN SACHS BANK USA | ☒ D<br>☐ E/F<br>☐ G |
| 2.100 | Tween Brands, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | JPMORGAN CHASE BANK | ☒ D<br>☐ E/F<br>☐ G |
| 2.101 | DBCM Holdings, LLC | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | GOLDMAN SACHS BANK USA | ☒ D<br>☐ E/F<br>☐ G |
| 2.102 | DBCM Holdings, LLC | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | JPMORGAN CHASE BANK | ☒ D<br>☐ E/F<br>☐ G |
| 2.103 | Charming Shoppes Street, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | GOLDMAN SACHS BANK USA | ☒ D<br>☐ E/F<br>☐ G |
| 2.104 | Charming Shoppes Street, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | JPMORGAN CHASE BANK | ☒ D<br>☐ E/F<br>☐ G |
| 2.105 | Catherines #5147, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | GOLDMAN SACHS BANK USA | ☒ D<br>☐ E/F<br>☐ G |

Debtor Ascena Retail Holdings, Inc. Case number (if known) 20-33136 (KRH)

## Additional Page if Debtor Has More Codebtors

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

| | *Column 1:* **Codebtor** Name | Mailing address | *Column 2:* **Creditor** Name | *Check all schedules that apply:* |
|---|---|---|---|---|
| 2.106 | Catherines #5147, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | JPMORGAN CHASE BANK | ☒ D<br>☐ E/F<br>☐ G |
| 2.107 | Lane Bryant Purchasing Corp. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | GOLDMAN SACHS BANK USA | ☒ D<br>☐ E/F<br>☐ G |
| 2.108 | Lane Bryant Purchasing Corp. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | JPMORGAN CHASE BANK | ☒ D<br>☐ E/F<br>☐ G |
| 2.109 | Ascena Trade Services, LLC | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | GOLDMAN SACHS BANK USA | ☒ D<br>☐ E/F<br>☐ G |
| 2.110 | Ascena Trade Services, LLC | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | JPMORGAN CHASE BANK | ☒ D<br>☐ E/F<br>☐ G |
| 2.111 | Tween Brands Investment, LLC | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | GOLDMAN SACHS BANK USA | ☒ D<br>☐ E/F<br>☐ G |
| 2.112 | Tween Brands Investment, LLC | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | JPMORGAN CHASE BANK | ☒ D<br>☐ E/F<br>☐ G |
| 2.113 | Duluth Real Estate LLC | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | GOLDMAN SACHS BANK USA | ☒ D<br>☐ E/F<br>☐ G |
| 2.114 | Duluth Real Estate LLC | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | JPMORGAN CHASE BANK | ☒ D<br>☐ E/F<br>☐ G |
| 2.115 | Charming Shoppes, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | GOLDMAN SACHS BANK USA | ☒ D<br>☐ E/F<br>☐ G |
| 2.116 | Charming Shoppes, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | JPMORGAN CHASE BANK | ☒ D<br>☐ E/F<br>☐ G |

Debtor Ascena Retail Holdings, Inc. Case number (if known) 20-33136 (KRH)

## Additional Page if Debtor Has More Codebtors

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

| | *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing address** | **Name** | *Check all schedules that apply:* |
| 2.117 | Catherines Stores Corporation | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | GOLDMAN SACHS BANK USA | ☒ D ☐ E/F ☐ G |
| 2.118 | Catherines Stores Corporation | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | JPMORGAN CHASE BANK | ☒ D ☐ E/F ☐ G |
| 2.119 | Lane Bryant, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | GOLDMAN SACHS BANK USA | ☒ D ☐ E/F ☐ G |
| 2.120 | Lane Bryant, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | JPMORGAN CHASE BANK | ☒ D ☐ E/F ☐ G |
| 2.121 | Etna Retail DC, LLC | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | GOLDMAN SACHS BANK USA | ☒ D ☐ E/F ☐ G |
| 2.122 | Etna Retail DC, LLC | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | JPMORGAN CHASE BANK | ☒ D ☐ E/F ☐ G |
| 2.123 | Tween Brands Marketing, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | GOLDMAN SACHS BANK USA | ☒ D ☐ E/F ☐ G |
| 2.124 | Tween Brands Marketing, Inc. | 933 MACARTHUR BOULEVARD MAHWAH, NJ 07430 | JPMORGAN CHASE BANK | ☒ D ☐ E/F ☐ G |

**Fill in this information to identify the case and this filing:**

Debtor Name Ascena Retail Holdings, Inc.

United States Bankruptcy Court for the: Eastern District of Virginia

Case number (*If known*): 20-33136 (KRH)

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

**12/15**

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- [x] *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- [x] *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- [x] *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- [x] *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- [x] *Schedule H: Codebtors* (Official Form 206H)
- [x] *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- [ ] Amended *Schedule* ____
- [ ] *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- [ ] Other document that requires a declaration ____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 8/27/2020
MM / DD / YYYY

✘ DocuSigned by: Dan Lamadrid EC956D080DCB49E...
Signature of individual signing on behalf of debtor

Daniel Lamadrid
Printed name

Authorized Signatory
Position or relationship to debtor